**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnny Lee Warren, | No. CV-23-00254-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| Chris Nanos, et al., | |
| Defendants. | |

The Court will dismiss this case for failure to comply with the rules of procedure and this Court's orders.

In December 2023 and March 2024, the Court warned Plaintiff to keep his address current under Rule 83.3(d) and to notify the Court as to his IFP status within 30 days of his release. *See* Doc 6 at 7; Doc. 10 at 6–7. Local Rule of Civil Procedure 83.3(d) provides:

> [A notice of address change] must be filed no later than fourteen (14) days before the effective date of the change, except that an unrepresented party who is incarcerated must submit a notice within seven (7) days after the effective date of change. A separate notice must be filed in each active case.

The Court further warned Plaintiff that failure to comply with the Court's orders could result in dismissal without further notice. Doc. 6 at 8; Doc. 10 at 7.

On May 28, 2024, Plaintiff was released. *See* Doc. 21 at 1.

On June 1, Plaintiff signed and submitted a change of address notice, which was filed on June 10. Doc. 18 at 1.

On June 24, recognizing that Plaintiff likely never received the Court's show-cause and discovery order, the Court reset its deadlines and resent its orders in light of Plaintiff's

release. *See* Doc. 20 at 1–2. The Court gave Plaintiff until July 8 to respond to its show-cause order. *Id.* at 2.

Later that same day, the Pima County Adult Detention Center notified the Court that Plaintiff had been released in May. *See* Doc. 21.

On July 15, after receiving no response from Plaintiff as to the Court's show-cause order, the Court dismissed Defendant Jackson for failure to serve. Doc. 22.

Later that same day, the Clerk filed a notice of mail returned undeliverable, back-dated to July 12. Doc. 23. The notice referred to ECF Docs. 17 and 20, which were the Court's updated show-cause and discovery order and its predecessor. *See id.*

Considering these developments, Plaintiff has not followed the Court's instructions or the rules of procedure despite many opportunities. He has had ample time to provide a mailing address. After he ceased to be incarcerated, Plaintiff was obligated to notify the Court 14 days *before* moving. He failed to do so.[1] Plaintiff was also obligated to notify the Court as to his IFP status no later than June 27, which is 30 days after he was released. He has failed to do that, too. As a result, the Court will dismiss this action as the Court warned Plaintiff it might.

Accordingly,

**IT IS ORDERED DISMISSING WITHOUT PREJUDICE** this action. The Clerk of the Court shall close this case.

Dated this 18th day of July, 2024.

_____
John C. Hinderaker
United States District Judge

---

[1] Plaintiff's notice of address change in another case is not sufficient to comply with the rules. *See* 4:23-CV-412, Doc. 12. He is obligated to provide each active case number so that notification is given in each case. He provided no case number, and so the Clerk updated only his more recent and active case. *See id.* Even if he had correctly notified the Court in this case, the Court would still dismiss based on the IFP issue.